UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
AUG 04 2008
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RICHARD VIRGIL LITSCHEWSKI, | CIV. 08-4100 |
| Petitioner, | |
| -vs- | OPINION AND ORDER |
| WARDEN ROBERT DOOLEY, Administrator, Mike Durfee State Prison; | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Richard Virgil Litschewski, an inmate at the Mike Durfee State Prison, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 30, 2008.

## PROCEDURAL HISTORY

Petitioner was found guilty by a jury of third degree rape, first degree rape, and sexual contact with a minor child and was sentenced to consecutive sentences totaling 27 ½ years. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court. See State v. Litschewski, 590 N.W.2d 899 (S.D. 1999). Petitioner has filed at least two state habeas petitions. See Exhibits to Doc. 1. Petitioner has also filed a previous federal petition. See CIV. 08-1002, which was dismissed as untimely on March 3, 2008.

## DISCUSSION

The court must determine whether Petitioner's current petition should be dismissed as a second or successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The pertinent part of the Act, 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  Under AEDPA, to present a second or successive habeas corpus application, "the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

  In this case, there is no showing that Petitioner has received permission from the Court of Appeals to file a second or subsequent writ of habeas corpus. Further, "claims that were not presented in the earlier habeas application 'shall be dismissed' unless they rely on a new retroactive, previously unavailable rule of constitutional law, or unless their factual predicate could not have been discovered previously through the exercise of due diligence and, if proved, they would establish petitioner's innocence." Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998) (citing 28 U.S.C. § 2244(b)(2)). Petitioner fails to meet this standard. As a result, pursuant to 28 U.S.C. §§ 2244(b)(2) and (3)(A), this court is required to dismiss the petition.

  Accordingly, it is hereby

  ORDERED that Petitioner's petition for writ of habeas corpus is denied.

  Dated this ____ day of August, 2008.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)  DEPUTY